IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **WESTERN AGRICULTURAL INSURANCE COMPANY and FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY, f/k/a FARM BUREAU MUTUAL INSURANCE COMPANY,** | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 4:10CV3151 |
| v. | ) ) | ORDER |
| **WILSON EXCAVATING, INC., and DALE D. WILSON,** | ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| **MID-AMERICA PIPELINE COMPANY, LLC,** | ) ) ) ) | |
| Defendant-Intervener. | ) | |

This matter is before the court on Mid-America Pipeline Company, LLC's (Mid-America) Motion to Intervene (Filing No. 19). Mid-America filed a brief (Filing No. 20) in support of the motion, and attached a proposed "Answer and Counterclaim" (Filing No. 19, Ex. A). The plaintiff Western Agricultural Insurance Company (WAIC) filed a brief (Filing No. 21) in opposition to the motion. Mid-America filed a brief (Filing No. 26) in reply. No other party took part in the briefing. For the reasons stated below, the court finds Mid-America should be granted leave to intervene.

## BACKGROUND

On October 13, 2009, Mid-America brought suit in the United States District Court for the District of Nebraska against Wilson Excavating, Inc. and Dale D. Wilson (collectively

"Wilson").¹  In that case, (hereafter "the Mid-America lawsuit"), Mid-America alleges damage to Mid-America's pipeline and the release of natural gasoline in Saunders County, Nebraska, caused by the excavation activities of Wilson.  **See** Filing No. 35 - Amended Complaint, p. 3; Filing No. 7 - First Amended Complaint in Case No. 8:09CV370. In response to the suit, Wilson requested that their insurer, WAIC, defend and indemnify them against Mid-America's claims.  **See** Filing No. 35, p. 3.

On August 5, 2010, WAIC initiated this matter, filing a complaint seeking declaratory relief against Wilson and Mid-America.  **See** Filing No. 1 - Complaint.  WAIC filed a notice of dismissal (Filing No. 8) with respect to Mid-America on August 27, 2010.  WAIC and Wilson filed their Rule 26(f) Report (Filing No. 16) on September 30, 2010.  According to their Rule 26(f) Report, WAIC and Wilson anticipate completing discovery by June 4, 2011. **See** Filing No. 16.  The court entered an initial progression order on October 1, 2010.  **See** Filing No. 17.  Mid-America filed its motion to intervene (Filing No. 19) on October 19, 2010.  Upon stipulation of the remaining parties, WAIC and Wilson, WAIC filed the Amended Complaint on January 28, 2011, adding Farm Bureau Property & Casualty Insurance Company (Farm Bureau) as a plaintiff and setting forth insurance coverage issues involving Wilson's relevant insurance policies.  **See** Filing No. 33 - Stipulation; Filing No. 35 - Amended Complaint.  WAIC and Farm Bureau pray for declaratory judgment finding they are not obligated to defend or indemnify Wilson against the claims which are the subject of the Mid-America lawsuit.  **See** Filing No. 35 - Amended Complaint, p. 17. 2011.  Trial in this matter is tentatively set for August of 2011.  **See** Filing No. 17 - Initial Progression Order.

Mid-America claims it is entitled to permissive intervention in this matter pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure.  **See** Filing No. 19 - Motion. In addition, Mid-America seeks to file an answer and counterclaim against WAIC, praying for declaratory relief in the form of holding the decision of the court in the Mid-America lawsuit, binding upon WAIC in this action, as well as other appropriate relief including costs

---

¹***Mid-America Pipeline Company, LLC v. Wilson Excavating, Inc. and Dale D. Wilson***, Case No. 8:09CV370.

and expenses.  **See** Filing No. 19, Ex. A - Answer and Counterclaim, p. 3. WAIC argues Mid-America has failed to meet the requirements for permissive intervention under Rule 24.  **See** Filing No. 21 - Response.

## ANALYSIS

In its discretion, the court may allow a party to intervene if the requirements of Federal Rule of Civil Procedure 24(b) are met.  Rule 24(b) provides, in pertinent part:

> (b) Permissive Intervention
> (1) In General.  On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> * * *
>
> (3) Delay or Prejudice.  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

Whether to grant permissive intervention pursuant to Rule 24(b) is wholly within the court's discretion  *South Dakota v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).  "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b); *South Dakota*, 317 F.3d at 787 (finding undue delay or prejudice the "principal consideration").  Moreover, a court properly grants permissive intervention where (1) the motion is timely; (2) the movant shows independent jurisdictional grounds; and (3) the movant's claim or defense and the main action share common questions of law or fact. Fed. R. Civ. P. 24(b); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158-59, 1170 n.9 (8th Cir. 1995).  "In deciding whether to grant a motion to intervene, 'the timeliness requirement is of first importance.'" *In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339, 345 (D. Mass. 2005) (citations omitted) (denying permissive intervention where motion filed over two years after designation of lead plaintiff).

WAIC contends "Mid-America's intervention will necessarily add delay to the proceedings in this case." **See** Filing No. 21 - Response, p. 8. In support, WAIC cites the decision of the Eighth Circuit Court of Appeals in *Stadin v. Union Elec. Co.*, 309 F.2d 912 (8th Cir. 1962). In *Stadin*, the court affirmed a denial of permissive intervention in a civil antitrust action where the district could found a minority stockholder's inclusion would add complexity, expand pretrial activity, lengthen the trial, and confuse the issues. *Id.* at 920. WAIC fails to explain the relevance of the decision in *Stadin* to the matter currently before the court. In any event, WAIC fails to explain what, if any, anticipated delay would result from allowing Mid-America to intervene in this matter.

To the contrary, the parties in this case have not been subjected to any unreasonable delays, in fact the complaint was filed only six months ago. WAIC's bare assertion is insufficient to convince the court that allowing Mid-America to intervene would cause any significant delays, especially in light of the already anticipated coordination, and possible consolidation, for the purpose of discovery with the Mid-America lawsuit. **See** Filing No. 16 - Rule 26(f) Report.

WAIC contends Mid-America has not shown the independent jurisdictional grounds required for permissive intervention. **See** Filing No. 21 - Response, p. 3. In support of its position, WAIC argues that Nebraska law prohibits injured persons from bringing "direct actions against liability insurance carriers based on the negligence of the insured." *Id.* WAIC further argues Mid-America's reliance on the Oil Pollution Act, 33 U.S.C. § 2717(f)(2), does not provide an independent jurisdictional basis for intervention, given that the underlying "declaratory judgment action is not an action to recover removal costs or damages." **See** Filing No. 21 - Response, p. 4.

This action was originally brought by WAIC, alleging the court has subject matter jurisdiction based on the diversity of the parties, including Mid-America, and an amount in controversy in excess of $75,000, pursuant to 28 U.S.C. § 1332(a). The addition of Mid-America as intervener in this matter does nothing to destroy the diversity of the parties. According the pleadings, Mid-America is Delaware limited liability company with its principal place of business in Houston, Texas. **See** Filing No. 1 - Complaint; Filing No. 19, Ex. A - Answer and Counterclaim, p. 3; Filing No. 7 - First Amended Complaint in 8:09CV370.

Moreover, Mid-America's counterclaim based on 28 U.S.C. § 2201 and 33 U.S.C. § 2717(f)(2) raises a federal question. **See** Filing No. 19, Ex. A - Answer and Counterclaim, p. 3. Federal district courts have "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." **See** 28 U.S.C. § 1331. Mid-America meets the independent jurisdictional grounds requirement for permissive intervention under Rule 24(b).

Finally, permissive intervention requires the movant to present "a claim or defense that has a question of law or fact in common with the main action." *Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt., Inc.*, 205 F.R.D. 1, 5 (D. D.C. 2000) (**citing** Fed. R. Civ. P. 24(b); *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). WAIC argues the issues in its declaratory judgment action to determine its duty to defend and indemnify Wilson are "quite different" from the issues raised by Mid-America in its proposed counterclaim and in the Mid-America lawsuit. **See** Filing No. 21 - Response, p. 5. According to WAIC, "[o]ther than the fact that the lawsuits both arise out of the same event, there are no common questions of law or fact." *Id.* at 7.

To the contrary, Mid-America's proposed counterclaim in this matter clearly shares questions of fact and law with WAIC and Farm Bureau's declaratory judgment action against Wilson. The parties' claims in this matter and Mid-America's claims against Wilson in the Mid-America lawsuit involve the same parties and arise from the same disputed factual basis. Wilson's liability to Mid-America, based on the actions or conduct of Wilson, and the nature and extent of the alleged damages caused to Mid-America by Wilson's actions or conduct, is common to the pending and proposed claims.

Both WAIC and Wilson recognize the overlap between this case and Mid-America's claims against Wilson in the Mid-America lawsuit as evidenced by their Rule 26(f) Report to the court where they mention coordination and possible consolidation of the two cases for discovery purposes. **See** Filing No. 16 - Rule 26(f) Report, p. 7, 9. WAIC's contention that "[o]ther than the fact that the lawsuits both arise out of the same event, there are no common questions of law or fact," is further belied by the fact that WAIC initially named Mid-America as a defendant in this case. **See** Filing No. 1.

## CONCLUSION

Having reviewed the proposed answer and counterclaim for declaratory relief attached to the motion, the court finds Mid-America has met its burden under Rule 24 by showing an independent ground for jurisdiction and common questions of law and fact. Additionally, the motion is timely. The court makes no determination with respect to the merits of Mid-America's counterclaim. Upon consideration,

**IT IS ORDERED:**

1. Mid-America Pipeline Company, LLC's Motion to Intervene (Filing No. 19) is granted.

2. Mid-America Pipeline Company, LLC shall have **on or before February 15, 2011**, to file its Answer and Counterclaim.

3. The matter remains scheduled for a telephone planning conference on **February 15, 2011, at 10:00 a.m.** Counsel for the plaintiffs shall initiate the telephone conference to include counsel for Mid-America Pipeline Company, LLC.

DATED this 12th day of February, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.